# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY TAPIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:03-CV-5422-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION ON PLAINTIFF'S STATE LAW CLAIM BE GRANTED<br><br>(Doc. 75) |

I.　　Defendants' Supplemental Motion for Judgment on the Pleadings or Summary Adjudication

　　A.　　Procedural History

Plaintiff Benny Tapia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2006, pursuant to the court's order of March 29, 2006, defendants Alameida, Fischer, Glazier, Terhune, Woods, and Yarborough ("defendants") filed a motion for judgment on the pleadings or in the alternative for summary adjudication on plaintiff's state law claim arising out of their alleged violation of Title 15 regulations. Fed. R. Civ. P. 12(c), 56. (Doc. 76.) Plaintiff filed an opposition on September 13, 2006.[1] (Doc. 77.)

　　B.　　Legal Standards

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on October 17, 2003. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 12.)

1

Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989). The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. Hal Roach Studios, 896 F.2d at 1555. The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment

///

should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

Because the court considers the exhibits attached to plaintiff's opposition, it shall treat defendants' motion as one for summary adjudication rather than for judgment on the pleadings.

C.    Claim Based on Violation of Mandatory Duties Imposed Under State Law

There is some authority for the proposition that under California law, plaintiff may be able to pursue a claim against defendants for violation of regulations set forth under Title 15, California Code of Regulations. See Joseph v. J.J. Mac Intyre Co., L.L.C., 238 F.Supp.2nd 1158 (N.D.Cal. 2002); South Bay Bldg. Enters., Inc. v. Riviera Lend-Lease, Inc., 85 Cal.Rptr.2d 647, 654 (Cal. Ct. App. 1999). For this reason, the court recognized a possible claim, which is the subject of the instant motion.

1.    Damages Claim - Failure to Comply with CTCA

Defendants argue that plaintiff failed to allege sufficient facts establishing or excusing compliance with California's Tort Claims Act (CTCA), and state that attached to plaintiff's complaint is a rejection letter from the California Victim Compensation and Government Claims

Board,[2] which is insufficient to satisfy the CTCA. (Motion, 10:22-11:25.) In his opposition, plaintiff argues that he filed claims with the Board in September of 2002 for due process violations, and in January of 2003 for equal protection violations. (Opp., 8:11-15.) Plaintiff also argues that he is not required to proceed to the Board in order to comply with 42 U.S.C. § 1997e(a). (Id., 8:16-9:9.)

The CTCA requires that a tort claim for damages against a public entity or its employees be presented to the Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the CTCA. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

First, plaintiff is confusing two separate and distinct exhaustion requirements. Section 1997e(a), referred to by plaintiff, requires plaintiff to utilize the inmate appeals process provided by the prison and exhaust his inmate appeal (CDC form 602) prior to filing suit. This requirement applies to plaintiff's claims brought under federal law. Plaintiff may pursue these federal claims without exhausting a claim with the Board. Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (overruled in part by Booth v. Churner, 532 U.S. 731 (2001)). Likewise, plaintiff may pursue supplemental state law claims without exhausting the inmate appeals process available at the prison, as section 1997e(a) does not apply to his state law claims. However, in order to pursue his state law claims in this action, plaintiff is required to exhaust the claims with the Board and is required to allege compliance in order to state a claim. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

---

[2] Formerly known as the State Board of Control and identified hereinafter as the Board.

Second, plaintiff has not submitted any evidence that he complied with the CTCA with respect to his state law claim arising from defendants' alleged violation of mandatory duties set forth in Title 15. Attached to plaintiff's complaint is a letter from the Board dated January 21, 2003, in which plaintiff is notified that the Board had no jurisdiction over his claim and would take no further action because his claim was untimely. (Comp., pg. 45 as numbered by plaintiff.) Plaintiff has submitted no evidence that he thereafter applied for and received leave to file a late claim.

In addition, the court has reviewed Exhibits A and B to plaintiff's opposition, which are the handwritten claims plaintiff alleges he submitted to the Board. The claims grieve the due process and equal violations alleged in this action, not plaintiff's claim that defendants violated California law by violating mandatory duties imposed upon them under Title 15. Watson v. State of California, 21 Cal.App.4th 836, 844-45, 26 Cal.Rptr.2d 262, 266-68 (1993). Thus, those claims, even if they had been accepted, would not have exhausted the state law claim he now seeks to pursue. Id.

For these reasons, the court finds that defendants are entitled to summary adjudication on plaintiff's state law damages claim stemming from their alleged violation of mandatory duties imposed under Title 15.

### 2. Claim for Equitable Relief - Mootness

In his complaint, plaintiff seeks a declaratory judgment and an injunction prohibiting defendants from harassing, retaliating, or taking reprisals against him, mandating defendants expunge erroneous and misleading information from his central file, mandating defendants begin issuing CDC-115 Rules Violation Reports to prisoners suspected of engaging in gang activity, and mandating plaintiff's release from the Security Housing Unit (SHU). (Comp., pgs. 23-24, handwritten attach.) At the time of the events at issue in this action, plaintiff was housed at California State Prison-Lancaster and California State Prison-Corcoran, and plaintiff's claims arise from his validation as a gang associate and the assessment of a SHU term against him. Plaintiff was subsequently released from the SHU and is now housed at High Desert State Prison. (Doc. 71, 16:23-24.)

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Further, 18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff's state law tort claim is based on the theory that Title 15 imposed upon defendants mandatory duties, which they failed to undertake and/or discharge. In order to obtain prospective equitable relief with respect to his state law claim, "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Lyons, 461 U.S. at 101-02, 103 S.Ct. at 1665 (internal quotations and citations omitted). Although plaintiff contends in his opposition that "although [he] is now in general prison population[,] it is only under special and strict scrutiny," and "defendants claim the right to revalidate [him] as an active prison gang member," this is insufficient to make a showing that with respect to his state law

tort claim for equitable relief, there remains an actual case or controversy before the court.[3] (Opp., 11:11-12 & 12:2-3.)

Plaintiff is housed at a different prison and is no longer in the SHU, and to the extent plaintiff's opposition can be construed as an argument that the wrong is capable of repetition yet evading review, that "doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the illegality." Lyons at 109, 1669 (citation omitted). Because plaintiff has made no showing that following his transfer to a different prison, there remains an actual case or controversy concerning his state law claim that Title 15 imposed mandatory duties on defendants and they failed to conduct themselves in accordance with those duties, the claim is moot and defendants are entitled to summary adjudication.

### D. Conclusion

The court finds defendants are entitled to summary adjudication on plaintiff's state law damages claim for failure to exhaust in compliance with the CTCA, and on plaintiff's state law equitable relief claim because it has been rendered moot. The court does not reach defendants' other arguments in light of this finding. Accordingly, the court HEREBY RECOMMENDS that:

1. Defendants' motion for summary adjudication on plaintiff's state law mandatory duties claim, filed June 15, 2006, be GRANTED as follows:

    a. Defendants' motion as to plaintiff's claim for damages be GRANTED on the ground that plaintiff failed to exhaust in compliance with the California Tort Claims Act, and

    b. Defendants' motion as to plaintiff's claim for equitable relief be GRANTED on the ground that the claim is moot; and

2. This matter be referred back to be set for trial on plaintiff's remaining claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[3] Plaintiff's damages claims for denial of due process are still pending and, following the resolution of this motion, will be set for trial.

7

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 29, 2006**                    /s/ Sandra M. Snyder
icido3                                                             UNITED STATES MAGISTRATE JUDGE