# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY TAPIA,<br><br>  Plaintiff,<br><br>  v.<br><br>WOODS, GLAZIER, FISCHER, YARBOROUGH, TERHUNE, AND ALAMEIDA,<br><br>  Defendants.<br>_____/ | CASE NO. 1:03-cv-05422-LJO-SMS PC<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING<br><br>ORDER REQUIRING DEFENDANTS TO FILE MOTION SEEKING LEAVE TO FILE A DISPOSITIVE MOTION WITHIN FIFTEEN DAYS<br><br>ORDER CONTINUING TRIAL DATE FROM NOVEMBER 5, 2007, TO MARCH 3, 2008, AND REQUIRING COUNSEL TO CONFIRM TRIAL DATE OF MARCH 3, 2008, WITHIN THREE BUSINESS DAYS |

I.  Modification of Scheduling Order

A telephonic trial confirmation hearing was held in this action on September 27, 2007, at 9:00 a.m. During the hearing, plaintiff requested that discovery be re-opened, and in their pretrial statement, defendants indicated they seek to file a dispositive motion on the grounds that this action is barred by the statute of limitation and plaintiff does not have a protected liberty interest in avoiding SHU confinement. The deadline for the completion of all discovery was April 21, 2005, and the deadline to file pretrial dispositive motions was June 21, 2005. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). This standard applies equally to plaintiff and defendants. As the Court informed plaintiff

///

during the hearing, plaintiff's verbal request to re-open discovery was not supported by a showing of good cause.

The Court also stated that defendants may file their dispositive motion they referenced in their pretrial statement if they address the waiver issue and show good cause with the motion. Upon further consideration following the hearing, defendants' counsel shall not file his pretrial dispositive motion along with a showing of good cause as indicated by the Court. Rather, defendants shall first file a motion seeking leave to modify the scheduling order and file a late dispositive motion. The motion must address the waiver issue and must make a showing of good cause. Plaintiff has a right to oppose the motion seeking leave to modify the scheduling order. Local Rule 78-230(m).

If the Court finds defendants have met their burden to modify the scheduling order, the Court will at that time set a deadline by which to file the dispositive motion. The Court deems this to be a better procedure as it will save defendants from expending resources on their dispositive motion unless and until the Court agrees to hear the motion, and will save plaintiff from having to oppose a motion to dismiss on the merits that the Court might in the end decline to consider at all.

II.     Continuance of Trial Date

Defendants' counsel stated that a conflict has arisen with respect to the defense of defendant Yarborough. Counsel represented that defendant Yarborough recently filed suit against Department of Corrections staff members and those members are being defended by the Attorney General's Office. Counsel represented that attorney Mark Harris is in the process of substituting in as counsel for defendant Yarborough. As a result of this recent conflict, defendants requested that jury trial be continued. As stated by the Court, defendants have shown good cause for a continuance, there is an actual conflict given these events, and there was no undue delay in informing the Court of the conflict. Therefore, jury trial was continued during the hearing from November 5, 2007, to March 3, 2008, at 8:30 a.m.

Defendants' counsel has three business days within which to inform the staff attorney assigned to this case whether this date is satisfactory to Mr. Harris.[1]   If the date is satisfactory, an

---

[1] Counsel may reach the staff attorney by contacting the chambers of the undersigned at (559) 499-5680.

Amended Pretrial Order will be issued. If the date is not satisfactory, the Court will set a telephonic trial setting hearing once Mr. Harris has substituted in as counsel for defendant Yarborough. The Court trusts that this will occur in short order.

III.   Motion to Dismiss Defendant Terhune

Defendants have withdrawn their motion to dismiss defendant Terhune from this action based on his terminal illness.

IV.   Motion to Withdraw as Counsel for Defendant Glazier

Any opposition to counsel's motion to withdraw as counsel for defendant Glazier is due September 27, 2007. Local Rule 78-230(m). The Court will issue a ruling in due course once the motion has been deemed submitted. Id.

V.   Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants have **fifteen (15) days** from the date of service of this order within which to file their motion seeking leave to modify the scheduling order and file a dispositive motion;

2. Defendants' motion must address the issue of waiver raised by the Court in the Pretrial Order and must demonstrate good cause;

3. Jury trial is continued from November 5, 2007, to March 3, 2008, at 8:30 a.m. pending confirmation that attorney Mark Harris is available for trial; and

4. Defendants' counsel shall notify the Court within **three (3) calendar days** whether the date of March 3, 2008, is satisfactory to attorney Mark Harris.

IT IS SO ORDERED.

**Dated:   September 27, 2007**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE