# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY TAPIA, | CASE NO. 1:03-cv-05422-LJO-SMS PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND FILE LATE PRETRIAL DISPOSITIVE MOTION |
| v. | |
| WOODS, GLAZIER, FISCHER, YARBOROUGH, TERHUNE, AND ALAMEIDA, | (Doc. 93) |
| Defendants. | |

## I.     Procedural History

Plaintiff Benny Tapia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against on Plaintiff's complaint, filed April 10, 2003, on the remaining claims that Defendants Yarborough, Glazier, Fischer, and Woods violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment in conjunction with Plaintiff's gang validation and confinement in the Security Housing Unit ("SHU"), and that Defendants Alameida and Terhune violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment with respect to the sufficiency of the periodic reviews of Plaintiff's Security Housing Unit confinement. This matter is set for jury trial on March 3, 2008. On October 12, 2007, Defendants filed a motion seeking leave to modify the scheduling order and file a pretrial dispositive motion.[1]

---

[1] The time within which Plaintiff has to respond to the motion has not yet expired. Local Rule 78-230(m). However, in light of the denial of the motion, there is no prejudice to Plaintiff by the issuance of this order.

1

1   **II.       Motion to Modify Scheduling Order and File Dispositive Motion**

2   Defendants seek leave to file a dispositive motion on the grounds that this action is barred
3   by the statute of limitations and Plaintiff does not have a protected liberty interest in avoiding SHU
4   confinement.  The deadline for the completion of all discovery was April 21, 2005, and the deadline
5   to file pretrial dispositive motions was June 21, 2005.  Modification of a scheduling order requires
6   a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence,
7   Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

8   This action has been defended by the Attorney General's Office since Defendants made an
9   appearance in this action.  According to the Court's docket, five different Deputy Attorney Generals
10  have been assigned to this case and three pretrial dispositive motions have been filed on behalf of
11  Defendants.  The most recent reassignment, to Defendants' current counsel, occurred after earlier
12  motions for summary judgment were filed.  Defendants argue that previous counsel apparently
13  overlooked the statute of limitations and lack of a liberty interest as grounds for dismissal, and
14  Defendants ask that the Court grant them leave to file a dispositive motion addressing those issues.

15  Defendants' contention that previous counsel overlooked the lack of a liberty interest
16  misstates the record.  The argument was not overlooked.  Defendants *conceded* the existence of a
17  liberty interest in their motion for summary judgment and this concession was specifically pointed
18  out to current counsel by the Court in the Pretrial Order.  (Doc. 59-2, 1:16-17; Doc. 90, 20:1-3; 91.)

19  In any event, Defendants have not shown good cause to modify the scheduling order.  The
20  reassignment of a case to a new Deputy Attorney General who would like to defend it differently
21  from the way his predecessors did is not good cause.  The Attorney General's Office had ample
22  opportunity to raise the grounds for dismissal that current counsel would like to raise, but the
23  attorneys assigned to the case at the time did not do so.  The Federal Rules of Civil Procedure, Local
24  Rules, and Court's scheduling orders are not to be set aside or disregarded because an attorney new
25  to the case has different ideas any more than they are to be set aside or disregarded because a plaintiff
26  later discovers additional issues he or she would like to now litigate.  See Johnson v. Mammoth
27  Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (Good cause to modify scheduling order to
28  amend not shown where plaintiff's "attorneys filed pleadings and conducted discovery but failed to

...

pay attention to the responses they received."). Indeed, the Court is confident based on its experience with cases such as this that the Attorney General's Office is not inclined to overlook the need to show good cause for modification of a scheduling order when the request is made by the plaintiff in the case. The Court must be consistent in its application of the law, no matter the side.

Reassignment of cases such as this to different Deputy Attorney Generals during the course of the proceedings is the rule rather than the exception. To allow a newly assigned attorneys to obtain modification of scheduling orders simply because they spot issues not raised by their predecessors, either intentionally or inadvertently, would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Defendants' argument that it is in the interest of the conservation of judicial resources to allow their late motion leads to the same result: a meaningless scheduling conference order. It is in the interest of conservation of judicial resources for Defendants to comply with Court's scheduling orders and raise all applicable grounds for dismissal or judgment as a matter of law in a timely filed motion. The requirement that parties abide by the Court's scheduling orders absent a showing of good cause is itself intended to directly serve the interest of resource conservation by allowing for the resolution of untimely or otherwise non-meritorious claims prior to trial and not at the eleventh hour.

Defendants' current counsel substituted into this case on December 12, 2006. (Doc. 79.) Almost nine months later, Defendants filed a pretrial statement indicating the existence of two issues they wished to address via a dispositive motion. (Doc. 89.) For the reasons set forth above, the Court does not find good cause to modify the scheduling because the reassignment of an action to a new attorney does not constitute good cause. However, the Court notes these additional facts because the nine month lapse between the reassignment of this case and the request at hand do not support a finding of due diligence by Defendants' current counsel, despite counsel's argument to the contrary. Rather, the time lapse suggests than in preparing this matter for trial, counsel discovered these possible defenses and desired to raise them. The requisite showing needed to modify a

scheduling order simply does not contemplate approval of such a course of action.

**III.    Order**

The Court finds that Defendants have not shown good cause to modify the scheduling order to file a late pretrial dispositive motion, and their motion is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:    October 17, 2007**               /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE